Mark A. Mancini, Esq.
Wasserman, Mancini, & Chang, P.C.
1915 I Street NW Suite 400
Washington, D.C. 20006
Email: wmc@wmclawfirm.com
Phone: (202) 783-8905
Fax: (202) 333-1688
DC Bar# 194126

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **Globex Corporation**<br>3620 Stutz Drive<br>Canfield, OH 44406<br><br>  Plaintiff,<br><br>  vs.<br><br>**Jeh Johnson**, Secretary of the Department of Homeland Security<br>Office of the General Counsel<br>US Department of Homeland Security<br>Washington, DC 20528<br><br>**Leon Rodriguez**, Director of United States Citizenship and Immigration Services<br>Office of the Chief Counsel<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Ave, NW, Rm 4025<br>Washington, DC 20529<br><br>**Edward Newman,** District Director,<br>Vermont Service Center<br>United States Citizenship and Immigration Services<br>75 Lower Welden Street<br>St. Albans, VT 05479<br><br>Defendants | Case No.: 14-cv-1543<br><br><br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND ACTION IN THE FORM OF MANDAMUS** |

## INTRODUCTION

1.   This is a civil action brought by the Plaintiff, Globex Corporation to compel the Defendants, and those acting under them, to accept the I-129, Petition for Nonimmigrant Worker

1

filed by the Plaintiff for further processing.  The I-129 Petition was received by USCIS on April 1, 2014.  The petition was returned unreceipted and unadjudicated in violation of the operating procedures set form at the Adjudicator's Field Manual Section 10.1(a)(2) on or about May 9, 2014.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with 28 U.S.C. §§2201-2202 (declaratory judgment act), 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. §555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the C.F.R.).

3. Under 28 U.S.C. § 1331, "(t)he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. §2201 (declaratory judgment), 28 U.S.C., § 1361 (mandamus), the Administrative Procedures Act (APA) (5 U.S.C. § 701 et seq.), and the Immigration & Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. Under 5 U.S.C. §704, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

6. There are no administrative remedies available to the Plaintiff to redress the grievances described herein.  This action challenges the failure of the Defendants to follow their own operating procedures and does not challenge any discretionary act by the Defendants.  This action does not challenge the granting or denial of individual applications.  Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. § 1252, do not apply.

7. Venue lies in this Court under 28 U.S.C. § 1391(e), the venue statute applicable to civil actions in which Defendants are officers of the United States acting in official capacities. Venue is proper under 28 U.S.C. § 1391(e) because the Defendants are either officers or employees of the United States and are being sued in their official capacity.

### III.  PARTIES

8. The Plaintiff is a multi-discipline consulting firm providing engineering and consulting services. Globex Corporation is the proper plaintiff for the Defendants' failure to follow their own operating procedures, Adjudicator Field Manual 10.1(a)(2) and forward the plaintiff's petition to an appropriate office for processing. Specifically, USCIS' operating procedures at Adjudicator's Field Manual 10.1(a)(2): "[a]lthough the instructions for each type of application or petition specify where that application or petition is to be submitted, submission to an incorrect office (or incorrect post office box where more than one box is used by the service center to sort cases by application type) is not a reason for rejection." The Defendants' failure to follow this operating procedure has caused the Plaintiff profound injuries because the rejection of the I-129 Petition deprived the Plaintiff of its ability to employ and reap the benefits of employing the Beneficiary's, ABM Mostafizur Rahman, services.

9. The Plaintiff is located in Canfield, Ohio.

10. Defendant Jeh Johnson, according to regulation is to be served at the Office of General Counsel, USDHS, Washington, DC 20528. Defendant Jeh Johnson is the United States Secretary of Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is charged with, among other things, "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11. Defendant Leon Rodriguez's mailing address is District Director, USCIS, 20 Massachusetts Ave, NW, Rm 4025 Washington, DC 20529. Defendant Leon Rodriguez is the

Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. He is being sued in his official capacity. Defendant Director administers the immigration laws on behalf of the Secretary for Homeland Security and the DHS throughout the United States.

12. Defendant Edward A. Newman's mailing address is Vermont Service Center, 75 Lower Welden Street, St. Albans, VT 05479. Defendant Edward A. Newman is the District Director of the United States Citizenship and Immigration Services, Vermont Service Center and is charged with supervisory authority over all operations of the USCIS within the Vermont Service Center. In his position as Acting Director, he is the Attorney General's designate for the Vermont Service Center, charged with the duty of administration and enforcement of all the functions and powers, and duties of USCIS. He is being sued in his official capacity.

## IV. STATEMENT OF FACTS

13. The Plaintiff is a multi-disciplinary consulting firm that provides clients with engineering and consulting services.

14. On March 31, 2013, the Plaintiff sent via UPS the I-129 Petition for Nonimmigrant Worker with all required attachments to the Vermont Service Center. It was received by the Vermont Service Center on April 1, 2014. For the Fiscal year 2015, USCIS received 172,500 H1B petitions during the initial filing period of April 1-7, 2014. See 8 C.F.R. 214.2(h)(8)(ii)(B). The USCIS website states that "[O]n April 10, 2014, USCIS completed a computer-generated random selection process, or lottery, to select enough petitions to meet the 65,000 general category cap and 20,000 cap under the advanced degree exemption. For cap-subject petitions not randomly selected, USCIS will reject and return the petition with filing fees, unless it is found to be a duplicate filing."

15. On June 12, 2014, the Vermont Service Center mailed a Rejection Notice dated May 9, 2014, informing the Plaintiff that the I-129 Petition was being rejected due to the fact that the

beneficiary's place of employment falls under the jurisdiction of the California Service Center. The notice invited the Plaintiff to the resubmit the application with an explanation as to why it was improperly rejected.

16. On June 18, 204, the Plaintiff responded including the initial I-129 package, and a cover letter informing USCIS of its failure to follow Adjudicator's Field Manual 10.1(a)(2) and receipt and route the submission package to the appropriate office for processing, the California Service Center. The entire package was sent via the rejection notice's instruction to the attention of CRU Supervisor.

17. On July 11, 2014, the Vermont Service Center rejected the I-129 Petition because it was determined that the application was not properly filed at the Vermont Service Center as the California Service Center has jurisdiction of the application and indicated that the "AFM provides general information regarding filing; however, in situations such as the H-1B cap, additional instruction has been provided that overrules the AFM" which are contained on the uscis.gov website.

18. On July 18, 2014, the Plaintiff re-sent the I-129 Petition to the attention of the CRU Supervisor located at 75 Lower Welden Street, St. Albans, VT 05479 and a letter explaining the sequence of events, citing Adjudicators Field Manual 10.1(a)(2) and Adjudicators Field Manual 3.4(a) and 3.4(b) which indicates that "Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material." The letter further explains that the Service's pattern of adherence to Rule 10.1(a)(2) for misfiled cases with the exception of H-1B cap subject cases sent to the wrong location does not override the stated policy of Rule 10.1(a)(2).

19. On August 12, 2014, the Vermont Service Center rejected the I-129 because it was determined that the "uscis.gov website should govern here" having overridden the Adjudicator's Field Manual.

20. The Adjudicators Field Manual remains in effect as USCIS' online policy manual has not been completed. This is the only document that "will ultimately replace the Adjudicator's Field Manual (AFM).

## IV.   REQUEST FOR RELIEF

### COUNT ONE

### (Declaratory Judgment)

21. The Plaintiff hereby incorporates the information in paragraphs 1 through 20 above as though fully set forth herein.

22. A real and actual controversy presently exists between the parties to this action which is concrete and justiciable in character, and as to which each party possesses an interest in resolving.

23. The controversy between the parties warrants relief declaring the rights of the parties pursuant to 28 U.S.C §§2201-2202, and a finding that the Defendants failed to follow their own operating procedures.

### COUNT TWO

### (Failure to Follow Adjudicators Field Manual 10.1(a)(2)

24. The Plaintiff hereby incorporates the information in paragraphs 1 through 20 above as though fully set forth herein.

25. The Plaintiff has complied with all of the requirements for its Form I-129 Petition for Nonimmigrant Worker and the case was received by USCIS on April 1, 2014 within the period of the "selection process."

26. The Defendants have willfully and unreasonably refused to follow the procedures outlined in the Adjudicators Field Manual 10.1(a)(2) and receipt and reroute adjudicate the petition in violation of provisions of the Adjudicators Field Manual, C.F.R. and the APA.

27. The Defendants owe a duty to follow the Adjudicators Field Manual 10.1(a)(2). This duty is owed under the APA, INA and the respective regulations.

28. By making numerous attempts to resubmit the Form I-129 Petition with a request to receipt and reroute to the appropriate Service Center, the Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' lack of ability or willingness to follow their operating procedures outlined at Adjudicators Field Manual 10.1(a)(2) adjudicate the Plaintiffs request for a temporary employee.

## COUNT THREE

### (Equal Access to Justice Act)

29. The Plaintiff hereby incorporates the information in paragraphs 1 through 20 above as though fully set forth herein.

30. The Plaintiff seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays this Honorable Court to:

1. Assume jurisdiction over this matter;
2. Compel the Defendants and those acting under them to perform their duty and accept reroute the Form I-129 Petition with check for the corrected amount;
3. Award the Plaintiff's counsel reasonable attorney's fees and costs; and
4. Grant such other and further relief as may be just and proper.

Dated: September 10, 2014

Respectfully submitted,

_____/s/_____

Mark A. Mancini, Esq.
Wasserman, Mancini, & Chang, P.C.
1915 I Street NW Suite 400
Washington, D.C. 20006
(202) 783-8905 (Tel.)
(202) 333-1688 (Fax)
WMCLAWFIRM@aol.com (email)
Attorney for Plaintiff
Globex Corporation

**EXHIBIT LIST**

Exhibit 1.  Relevant pages from USCIS publication titled, "H1B Fiscal Year (FY) 2015 Cap Season".  Last updated April 10, 2014.

Exhibit 2.  Rejection Letter from the Vermont Service Center dated May 9, 2014 and copy of envelope showing the postmark date of June 12, 2014.

Exhibit 3.  Letter dated July 18, 2014 sent to the Vermont Service Center on June 18, 2014 requesting the Vermont Service Center reconsider their rejection and citing Adjudicators Field Manual 10.1(a)(2)

Exhibit 4.  Rejection Letter dated July 11, 2014 from the Vermont Service Center

Exhibit 5.  Letter dated July 29, 2014 requesting that the Vermont Service Center receipt and reroute the Plaintiff's petition.

Exhibit 6.  Rejection Letter from the Vermont Service Center dated August 12, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2014, I delivered a true and accurate copy of the foregoing documents, Civil Action Cover Sheet, Complaint, and Exhibits to the opposing parties or counsel at the following addresses:

Jeh Johnson, Secretary of the Department of Homeland Security
Office of the General Counsel
US Department of Homeland Security
Washington, DC 20528

Leon Rodriguez, Director of U.S. Citizenship and Immigration Services
Office of the Chief Counsel
U.S. Citizenship and Immigration Services
20 Massachusetts Ave, NW, Rm 4025
Washington, DC 20529

Edward Newman, Acting Director of U.C. Citizenship and Immigration Services, Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

Eric Holder, United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Ronald C. Machen Jr., United States Attorney
United States Attorney's Office for the District of Columbia
555 4th Street NW
Washington, DC 20001